Jessica G. Scott (MT Bar No. 12048)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: scott@wtotrial.com

Ian McIntosh
Kelsey E. Bunkers
CROWLEY FLECK, PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719
Telephone: (406) 556-1430
Facsimile: (406) 556-1433
Email: imcintosh@crowleyfleck.com
        kbunkers@crowleyfleck.com

Attorneys for Defendant,
USAA Casualty Insurance Company

CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2015 DEC 8 AM 9 29

FILED KP 12

BY _____
DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of themselves and all those similarly situated,<br><br>     Plaintiffs,<br><br>     vs.<br><br>USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X,<br><br>     Defendants. | Cause No. DV 15-0511<br><br>Judge: Gregory R. Todd<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |

To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, Plaintiffs Peter

Byorth and Ann McKean (collectively "Plaintiffs") and Defendant USAA Casualty Insurance Company ("USAA CIC") stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Protective Order with respect to disclosure of information, documents, or things in this litigation:

## A.   Confidential Information

As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing that a party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Paragraphs A.1-4 below.

1.   A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" on each page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Receiving Party"), its attorneys, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

2.   In the case of CONFIDENTIAL INFORMATION in a non-paper medium (e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc.), a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

3.   To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or, within 20 business

2

days after the deposition transcript is delivered to the Designating Party, provide to all counsel

written notice identifying the specific pages of the deposition transcript that counsel for the

Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION.  All

deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration

of the 20-day period.  The portions so designated shall not be utilized or disclosed by the other

party, its agents, or its employees, except in accordance with the terms of this Stipulated

Protective Order.  All parties shall mark their copies of the transcript by stamping the word

"CONFIDENTIAL" on every page so designated.

        4.     Documents, testimony, evidence, and other matters may be deemed

CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or

matter constitutes a trade secret or other confidential research, development, or commercial

information, as defined by Montana Rule of Civil Procedure 26(c)(1)(G); or confidential medical

or financial information of an individual.

        5.     Documents, testimony, evidence, and other matters shall not be deemed

CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or

matter:

        a.     is, at the time of disclosure by the Designating Party, already in the

possession of the Receiving Party, was not acquired from the Designating Party, and has

previously been released or produced by the Designating Party without a "Confidential"

designation; or

        b.     has been made available to the Receiving Party, other than through

the discovery process, by a third-party who obtained the same by legal means without any

obligation of confidence to the Designating Party.

3

**B.     Disclosure and Use of Confidential Information**

1.     CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

a.     the attorneys for the Receiving Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

b.     the Receiving Party and officers, directors and employees of the Receiving Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

c.     court reporters, court officials, and the jury involved in this litigation;

d.     experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed an Agreement in the form attached as Exhibit A; and

e.     any other non-party witnesses or deponents who have executed an Agreement attached as Exhibit A or who have been given a copy of and agree on the record to abide by the Stipulated Protective Order.

Counsel for the Parties shall maintain the originals of signed Agreements for a period of six years from the date of the signing of the Agreement.

2.     CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including any other litigation, whether on the same issues in this case or others, or for any business or personal purpose.  Nothing in this Stipulated Protective Order shall prevent the

4

Designating Party from any use of its own CONFIDENTIAL INFORMATION.

CONFIDENTIAL INFORMATION may not be disclosed to the persons described in Paragraphs

B.1.d-e above, unless the party disclosing information to that person determines in good faith

that the disclosure is necessary for the purpose of developing testimony of such witness or

deponent.

3.      Any summary or copy of CONFIDENTIAL INFORMATION shall be

subject to the terms of this Stipulated Protective Order to the same extent as the information or

document of which summary or copy is made, and must be clearly labeled as containing

CONFIDENTIAL INFORMATION.

4.      CONFIDENTIAL INFORMATION may be copied or reproduced only to

the extent reasonably necessary for the conduct of this lawsuit.  All such copies or reproductions

shall be subject to the terms of this Stipulated Protective Order.

5.      If the Court orders that access to or dissemination of CONFIDENTIAL

INFORMATION shall be made to persons beyond those included in Paragraph B.1 above, such

CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons

after they have executed an Agreement in the form attached as Exhibit A, unless the Court rules

otherwise.

6.      Use in Depositions.  Material designated as CONFIDENTIAL may be

used at a deposition if:

a.      the counsel for the party using such material advises the witness of

the terms of this Stipulated Protective Order, provides a copy to the witness, and the witness

agrees on the record to maintain the confidentiality of the material; or

b.      the witness executes an Agreement attached as Exhibit A to this

Stipulated Protective Order.

If the witness refuses to agree to either be bound by the Stipulated Protective Order on

the record or to execute Exhibit A, then the party seeking to use such CONFIDENTIAL

INFORMATION at that witness' deposition must obtain leave from the Court before disclosing

the material to the witness.

7.      Use in Briefs and as Exhibits.  If any document containing

CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any

court record or pleading, or otherwise placed among the court papers in this litigation, the party

filing the material shall submit the document containing CONFIDENTIAL INFORMATION

under seal in accordance with Montana Rule of Civil Procedure 5.2

**C.      No Waiver**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the

procedures set forth in this Stipulated Protective Order shall not constitute a waiver of any trade

secret or any intellectual property, proprietary, or other rights to or in such information.

**D.      Application of this Stipulated Protective Order**

This Stipulated Protective Order shall apply to all discovery responses or papers,

deposition transcripts, summaries, notes, abstracts, or other documents or information that

comprise, embody, or summarize any documents or information, in any form, produced in this

litigation that contain CONFIDENTIAL INFORMATION.  Nothing in this Stipulated Protective

Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or

abridge the rights of any party to seek judicial review or to pursue other appropriate judicial

action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL

6

INFORMATION. Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

**E.     Confidentiality of Claim Files**

The contents of each Plaintiffs' respective claim file shall be considered the CONFIDENTIAL INFORMATION of each Plaintiff. Accordingly, neither Plaintiff shall disclose the contents of his or her respective claim file to any person other than himself, herself, or his or her respective attorneys. Consistent with this provision, each claim file shall be marked as "CONFIDENTIAL" and "FOR ATTORNEY EYES ONLY."

**F.     Confidentiality Challenge**

A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and shall specify the basis for the objection. All objections must be made in good faith. The designating party shall then have 20 days from receipt of the written objection to respond to the objecting party and to arrange for a meet and confer. After any meet and confer, a party may file a motion to resolve the dispute. The party asserting the CONFIDENTIAL designation will bear the burden of proving such protection is warranted. Pending any court ruling, the provisions of this Stipulated Protective Order shall apply and disclosure and use of the challenged documents or information shall not be made except as provided under this Stipulated Protective Order.

**G.     Confidential Information at Trial**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification

7

purposes or introduced into evidence at the trial of this litigation.  Nothing in this Stipulated

Protective Order, however, shall preclude any party from seeking confidential treatment from the

Court with respect to such information, documents, exhibits, or things or from raising any

available objections, including without limitation objections concerning admissibility,

materiality, and privilege.  The parties to this Stipulated Protective Order expressly reserve at

this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be

used in an evidentiary hearing or at trial.  The parties may request special procedures or in

camera treatment.

### H.    Inadvertent Disclosure

If, due to inadvertence or mistake, a designation of CONFIDENTIAL INFORMATION

is not made at the time of disclosure, a party or third-party witness may designate documents or

information as such by serving notice of such designation on the parties in writing. Following

such designation, the terms of this Stipulated Protective Order shall apply and disclosure of the

CONFIDENTIAL INFORMATION following such designation shall be made only in

accordance with this Stipulated Protective Order. The disclosure of the CONFIDENTIAL

INFORMATION before such designation shall not be deemed a waiver of the designating

party's right to preserve the alleged proprietary, confidentiality, or trade secret status of the

CONFIDENTIAL INFORMATION. The disclosure of the CONFIDENTIAL INFORMATION

before such designation also shall not be considered a violation or breach of the Stipulated

Protective Order, but nothing herein shall immunize a disclosure otherwise prohibited by law.

The parties agree that the inadvertent production of any documents that would be

protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or

any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or

8

doctrine. If any such document is inadvertently produced, the recipient of the document agrees

that, upon request from the producing party, it will promptly return the document, destroy all

copies (including copies on any electronic database), summaries, or other documents created or

generated from information contained in such copies, and make no use or further disclosure of

the information contained in the document.

**I.      Specific Disclosure**

By joint agreement, the parties, through their counsel, may agree to any specific

disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice

to the continued application of this Stipulated Protective Order regarding other uses of that

CONFIDENTIAL INFORMATION.  The Designating Party may refuse to agree to specific

disclosure of its CONFIDENTIAL INFORMATION.

**J.      Modification**

This Stipulated Protective Order may be modified only by Order of the Court or by

written agreement of the parties.

**K.      Maintenance of Confidential Information**

CONFIDENTIAL INFORMATION provided to a Receiving Party shall be securely

maintained in the offices of that party's outside counsel.  Any recipient of CONFIDENTIAL

INFORMATION shall maintain such information in a secure and safe area, and the recipient

shall exercise due and proper care with respect to the storage, custody, access and use of all such

information.

**K.      Continuing Jurisdiction After Termination of Litigation**

This Stipulated Protective Order, insofar as it restricts the communication and use of

CONFIDENTIAL INFORMATION, shall survive and continue to be binding after the

conclusion of this action, and the Court shall retain jurisdiction over these parties, every person

9

who agrees to be bound by the terms of this Protective Order, and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**L.     Return or Destruction of Confidential Information**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall return all CONFIDENTIAL INFORMATION the parties produced during this case, all copies of such CONFIDENTIAL INFORMATION, and shall destroy all work product relating to CONFIDENTIAL INFORMATION within 30 days of a written request from the Designating Party, which notice shall be given within 30 days after said final disposition of this case.

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for the party disclosing CONFIDENTIAL INFORMATION to an individual included within Paragraphs B.1.d-e shall provide written notice to that individual of the final disposition of the case and shall ask that individual to execute an affidavit, attached as Exhibit B, within 30 business days following the final resolution of this action.  In response to such a request, individuals included under Paragraphs B.1.d-e shall execute an affidavit, attached as Exhibit B, and shall return the executed affidavit to counsel as requested.

DATE: November 23, 2015

STIPULATED AND AGREED TO:

s/                                                    s/

John Heenan                                     Jessica G. Scott (MT Bar No. 12048)
Colette B. Davies                               WHEELER TRIGG O'DONNELL LLP
BISHOP & HEENAN                           370 Seventeenth Street, Suite 4500
1631 Zimmerman Trail                       Denver, CO 80202-5647
Billings, MT 59102
Telephone: (406) 839-9091                 Ian McIntosh
Email:   john@bishopandheenan.com    Kelsey E. Bunkers
         colette@bishopandheenan.com  CROWLEY FLECK, PLLP
                                                       1915 South 19th Avenue
                                                       P.O. Box 10969
                                                       Bozeman, MT 59719

*Attorney for Plaintiffs Peter Byorth and*    *Attorneys for Defendant USAA Casualty*
*Ann McKean*                                          *Insurance Company*

## ORDER

The preceding Stipulated Protective Order is approved, ordered and entered this ____

day of ___December___ 2015.  This Stipulated Protective Order may be modified by the Court

at any time, for good cause shown, following notice to all parties and an opportunity for them to

be heard.

BY THE COURT:

_____
                                      Judge

CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly
served by mail/hand/inter-office delivery upon
the parties or their attorneys of record at
their last known addresses this ____

____ day of ___December___, 20 15

By _____
       Judicial Asst. to Hon. Gregory R. Todd

11

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of themselves and all those similarly situated, | Cause No. DV 15-0511 |
| | Judge:  Gregory R. Todd |
| Plaintiffs, | **EXHIBIT A TO STIPULATED PROTECTIVE ORDER** |
| vs. | |
| USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X, | |
| Defendants. | |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____, 2015, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Montana Thirteenth Judicial District Court, Yellowstone County, in the State of Montana, in matters relating to the Stipulated Protective Order, and understands that the terms of the Stipulated Protective Order obligate him/her to use CONFIDENTIAL INFORMATION in accordance with the Stipulated Protective Order Information solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

1

Employer: _____

Business Address: _____

_____

_____

Date: _____

_____

Signature

2