CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2015 DEC 29  PM 3 36

FILED

BY _____ KP 17

DEPUTY

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of themselves and all those similarly situated, | Case No.: DV-15-0511 |
| | Judge Gregory R. Todd |
| Plaintiffs, | **ORDER CERTIFYING CLASS UNDER MONTANA RULE OF CIVIL PROCEDURE 23(a)** |
| vs. | |
| USAA CASUALTY INS. CO. and JOHN DOES I-X | |
| Defendants, | |

## INTRODUCTION

This matter comes before the Court on a Motion to Certify Class filed on November 19, 2015.  On November 25, 2015 Defendant filed its Motion to Strike Class Allegations from the Complaint.  Having read the briefs, this Court deems the matter submitted.

**BACKGROUND**

On September 25, 2011 Peter Byorth (Byorth) was injured when he was struck by a motor vehicle while riding his bicycle. At the time of his injury Byorth was insured by United Services Automobile Association (USAA) Casualty Insurance Company. Byorth's policy provided medical payment coverage of $10,000. Byorth submitted claims totaling $85,000 which USAA in turn submitted to Auto Injury Solutions (AIS) for file review. AIS determined that Byorth's claims were for procedures that were not medically necessary and USAA denied his claims based on coding errors.

On February 10, 2014 Ann McKean, (McKean) was injured in a motor vehicle accident. At the time of her injury McKean was insured by a USAA policy that also provided for medical payment coverage of $10,000. McKean submitted claims for medical payment in excess of $10,000 which USAA in turn submitted to AIS for a file review. AIS determined that McKean's claims were for procedures that were not medically necessary and USAA denied her claims based on coding errors.

On April 24, 2015 Byorth and McKean filed suit on behalf of themselves and all those similarly situated alleging that USAA violated Montana law with respect to its claims handling practices. On June 11, 2015 USAA filed its notice of removal to Federal District Court. On September 30, 2015 the Federal District Court issued its remand order citing a lack of diversity jurisdiction due to USAA's failure to satisfy the amount in controversy requirement.

## STANDARD OF REVIEW

Trial courts are afforded the broadest discretion when reviewing a decision on class certification because the trial court is in the best position to consider the most fair and efficient procedure for conducting any given litigation. *Jacobsen v. Allstate*, 2013 MT 244, ¶ 25, 371 Mont. 393, 402, 310 P.3d 452, 459.

## DISCUSSION

Under Montana Rule of Civil Procedure 23(a) a class action may be certified if the following four criteria are met:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and,
> (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.* A class action must be certified at "an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Mont. R. Civ. P. 23(c)(1)(A). The order certifying the class must "define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Mont R. Civ. P. 23(c)(1)(B).

## I. NUMEROUSITY

Byorth proposes a class "comprised of all persons who satisfy the following criteria:  (a) all Montana consumers who (b) were insured by USAA for med pay benefits and (c) who submitted a claim for med pay benefits within the applicable statute of limitations, and (d) had their claim wrongfully denied in

whole or in part following a "file review" by AIS or because of an asserted "coding error." Compl. ¶ 28.

In his brief, Byorth asserts that "USAA has stated in discovery that 154 med pay claims were submitted by Montana consumers over the past three years." Pl. Br. Ex. 1.  USAA counters, "[p]laintiff's proposed class is not ascertainable; rather, it is a fail-safe class:  one whose members cannot be identified unless USAA CIC is found liable after a full trial." Def. Br. 5.

Insurance policies are undoubtedly contracts, and in Montana, "[t]he period prescribed for the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing is within 8 years." Mont. Code Ann. § 27–2–202(1).  In its answer to Plaintiff's interrogatory number 4, USAA indicated that 154 med pay claims were submitted by Montana consumers over the past three years.  Therefore, looking beyond the pleadings, it would appear from USAA's answer that not only can the members be identified, USAA has already done so for three of the past eight years.

USAA next argues that "[class] members cannot be identified unless the Court legally determines which members, if any, have been "wrongfully denied" med-pay coverage." Def. Br. 6.  However, a determination under Rule 23(a) does not require the Court to reach a legal conclusion on the ultimate issue before certifying a class.

Here, all members of the proposed class, including Byorth and McKean, were subject to the same claims processing procedure of outsourcing claims to AIS.  It is this common practice that may or may not be actionable that defines

the class. That the practice may be actionable does not alter how many Montana residents were subjected to it. Because USAA could provide the total number of med-pay claims submitted by Montana residents that were outsourced to AIS in the last three years, it is reasonable to extrapolate that it could do so for the past eight years.

Therefore, Plaintiff's class description must be modified to provide more specificity. Plaintiffs' current class description is as follows: (a) all Montana consumers who (b) were insured by USAA for med pay benefits and (c) who submitted a claim for med pay benefits within the applicable statute of limitations, and (d) had their claim wrongfully denied in whole or in part following a "file review" by AIS or because of an asserted "coding error." Compl. ¶ 28. The Court modifies (c) to provide more specificity as follows: (c) who submitted a claim for med pay benefits from April of 2007 to April of 2015. The Court modifies (d) to eliminate the preliminary legal determination as follows: (d) had their claim denied in whole or in part following a "file review" by AIS or because of an asserted "coding error."

It is impracticability, not impossibility, that the Court must consider, and where, as here, more than 100 plaintiffs are likely to be represented, joinder is impractical and Rule 23(a)(1) is satisfied.

II. COMMONALITY

USAA argues that "[p]laintiffs have pleaded a controversy about insured-specific medical issues, where individual issues concerning class definition, liability, and calculation of damages will overwhelm any issues common to the

putative class, if any, and there is simply no amount of discovery that will cure this defect." Def. Br. 7. However, commonality requires:

> plaintiffs' common legal or factual contentions must "demonstrate that the class members 'have suffered the same injury' " by asserting a common contention "of such a nature that it is capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

Jacobsen v. Allstate Ins. Co., 2013 MT 244, ¶ 36, 371 Mont. 393, 407,  310 P.3d 452, 462 (citing *Wal–Mart Stores, Inc., v. Dukes,* 564 U.S. 338 (2011)).  The lesson of *Wal–Mart* with respect to commonality is that plaintiffs in class action cases must have common questions of law or fact that resulted in a common injury.  It is the addition of the common injury that significantly raises the burden for Federal Rule 23(a)(2) plaintiffs.

Montana's Rule of Civil Procedure 23 is identical to its federal counterpart and therefore, it follows that the U.S. Supreme Court's interpretation of an identical rule is persuasive. The Montana Supreme Court's analysis applying the more restrictive post *Wal–Mart* standard found that "federal courts applying *Wal– Mart's* commonality analysis have focused on the presence of just this sort of common contention alleging that a defendant's programmatic conduct violates the law." *Jacobsen* at ¶ 44, 371 Mont. at 413, 310 P.3d at 466. Subsequent comments on the Montana Code reflect this view stating in part, "commonality is met when a single issue is common to all class members regardless of differences among the class . . . employees satisfied the more stringent federal requirement because their claims depended on a common contention that was

1   capable of class-wide resolution." Mont. Code Ann. *Former Rule 23* (comment

2   on commonality -- More Stringent Requirement Satisfied)(2014).

3           Here, under the more restrictive *Wal–Mart* commonality standard, plaintiffs

4   allege that there are common questions of law including "whether or not USAA

5   violated Montana law with respect to its med pay claims handling practices."

6   Compl. ¶ 29. The resolution of this common question will resolve an issue

7   central to all claims in one stroke. The degree of each plaintiff's injury may need

8   individualized adjudication. Despite the possibility of subsequent litigation to

9   determine the extent of any damages a class member may have suffered, the

10  fact of a common injury due to defendant's programmatic conduct can be

11  resolved in one stroke. Therefore, Plaintiffs have satisfied the commonality

12  element.

13

**III. TYPICALITY**

14

15          The typicality requirement "is designed to ensure that the interests of the

16  named representative are aligned with the interests of the class members, the

17  rationale being that a named plaintiff who vigorously pursues his or her own

18  interests will necessarily advance the interests of the class." *Jacobsen* at ¶ 51,

19  371 Mont. 393, 417, 310 P.3d 452, 468.

20          USAA does not dispute that Byorth and McKean's claims are typical of the

21  class, rather, USAA asserts that individual issues would dominate the Court's

22  evaluation of Plaintiffs' claims on the merits. Def. Br. 8.

23          Plaintiffs have alleged USAA has violated Mont. Code Ann. § 33–18–201

24  subsections (1), (2), (4), (6) and (7) as well as general breach of contract, breach

25

of fiduciary duty, and punitive damages. As the Montana Supreme Court noted in *Jacobsen*, class-wide punitive damages would violate a Defendant's Due Process right where the potential of granting class-wide punitive damages would occur before determining whether individual class members suffered actual damages. *Jacobsen,* ¶ 78, 371 Mont. 393, 429, 310 P.3d 452, 476. Therefore, in this case, class-wide punitive damages are likewise inappropriate because punitive damages require an individualized determination and cannot be resolved on a class-wide basis.

In order to prevail on their Unfair Trade Practices claim, Plaintiffs' individual legal claims would encompass facts common to other members of the class such as; 1) did USAA misrepresent its policy provisions? 2) Did USAA refuse to pay claims without conducting a reasonable investigation? And, 3) did USAA neglect to effectuate a fair and prompt settlement? The factual evidence produced by Byorth and McKean to substantiate each of these would be evidence typical of each class member such as policy provisions, claim denials, and medical payments.

In order to prevail on their breach of contract claim Plaintiffs would likewise need to produce factual evidence that would be typical of other members of the class such as policy provisions, claim denials, and medical payments. These individual factual issues are not only capable of class-wide resolution, they are likely to be typical of other members of the class especially because they arose from an alleged common practice or course of conduct by USAA. Therefore, Plaintiffs have satisfied the typicality requirement under Rule 23(a)(3),

and their individual factual issues will likely not dominate the Court's evaluation of their claims on the merits.

## IV. ADEQUACY

> Montana Rule of Civil Procedure 23(a)(4) requires that representative parties will fairly and adequately protect the interests of the class. Adequate representation requires that the named representative's attorney is qualified, competent, and able to conduct the litigation and the named representative's interests are not antagonistic to the class interests.

*Chipman v. Northwest Healthcare Corp.*, 2012 MT 242, ¶ 57, 366 Mont. 450, 470, 288 P.3d 193, 209. Here, USAA does not dispute counsel's competency or that the representative parties will fairly and adequately protect the interests of the class, rather, USAA argues that members have the incentive to seek relief individually. Def. Br. 14.

Incentive to seek relief individually is not, by itself, a measure of inadequacy, especially when other putative class members may not be aware that their rights have been violated and have not sought relief individually. Therefore, because the representative parties have interests that are aligned with the putative class, and counsel is competent and experienced in complex civil litigation, Rule 23(a)(4) is satisfied.

Under Mont. R. Civ. P. 23(c)(1)(B) the Court must define the class, certify the claims, and appoint class counsel under Rule 23(g). It is to these issues the Court now turns.

## V. CLASS COUNSEL

The Court appoints Mr. John Heenan and Ms. Colette B. Davies as class counsel and takes notice of counsel's ability to conduct complex civil litigation.

The Court notes that the firm, Bishop & Heenan, has adequate resources available to represent the certified class in this action.

## VI. CERTIFIED CLASS

Under Mont. R. Civ. P. 23(b)(3) the Court certifies the following class: (a) all Montana consumers who (b) were insured by USAA for med pay benefits and (c) who submitted a claim for med pay benefits from April 2007 to April 2015, and (d) had their claim denied in whole or in part following a "file review" by AIS or because of an asserted "coding error."

## VII. CERTIFIED QUESTION

Under Mont. R. Civ. P. 23(c)(1)(B) the Court certifies the following question: "Whether or not USAA violated Montana law with respect to its med-pay claims handling practices."

## VIII. CLASS NOTICE

Class counsel must submit to the Court a proposed class notice that complies with Mont. R. Civ. P. 23(c)(2)(B), no later than thirty (30) days from the date of this order for approval.

## ORDER

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs class is certified as a Rule 23(b)(3) class.

**IT IS FURTHER ORDERED** that John Heenan and Colette B. Davies are appointed as class counsel.

**IT IS FURTHER ORDERED** that class counsel will submit to this Court a proposed class notice in compliance with Rule 23(c)(2)(B) no later than 30 days from the date of this order.

DATED AND ORDERED this 25 day of December, 2015.

HON. GREGORY R. TODD, District Court Judge
DV-15-0511

cc:   John Heenan and Colette B. Davies, Bishop & Heenan, Class counsel.
      Ian McIntosh and Kelsey E. Bunkers, Crowley Fleck PLLP, attorneys for USAA
      Jessica G. Scott, Wheeler Trigg O'Donnell PLLP, attorney for USAA

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was caused to be served upon the parties or their attorneys of record at their last-known address this 28 day of December, 2015.

By

Erik P. Rathie
Law Clerk to HON. GREGORY R. TODD