CLERK OF THE DISTRICT COURT
TERRY HALPIN
2017 MAR 17 PM 3 57
FILED
BY _____
DEPUTY

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY**

| | |
|---|---|
| PETER BYORTH and ANNA McKEAN, on behalf of themselves and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: DV-15-0511<br><br>Judge Gregory R. Todd<br><br>**ORDER** |

## INTRODUCTION

This matter comes before the Court by a Motion to Compel filed by Plaintiffs, Peter Byorth and Ann McKean (Byorth and McKean), on January 6, 2016. Defendant USAA Casualty Insurance Company ("USAA") filed a response on January 27, 2017. Plaintiffs filed their reply on February 9, 2017. Oral argument was held on March 10, 2017. Having read the motions and their supporting briefs, this Court deems this matter submitted.

## STATEMENT OF RELEVANT FACTS

The Plaintiffs in this matter were both injured in motor vehicle accidents. Byorth and McKean were both covered under USAA's med-pay policies. In both cases, USAA delayed or denied coverage and declared that several portions of the medical costs were not medically necessary after a review of USAA's affiliate Auto Injury Solutions (AIS). In the Complaint filed on April 25, 2015, Byorth and McKean alleged that USAA breached their fiduciary duty and contractual obligation to the Plaintiffs. Additionally, Byorth and McKean alleged that USAA had violated Montana Unfair Trade Practices Act (UTPA) and sought to certify a class of persons similarly situated pursuant to Rule 23 of the Montana Rules of Civil Procedure. This Court certified the class pursuant to Rule 23(a) on December 29, 2015.

USAA filed a notice of appeal on January 7, 2016 objecting to the class certification. The Montana Supreme Court reversed the class certification and remanded for further proceedings consistent with the Supreme Court's opinion on December 12, 2016.

## LEGAL STANDARD

In Montana, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. The information sought need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Mont. R. Civ. P. 26(b)(1). Furthermore, "[t]he purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith. Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation." *Richardson v. State*, 2006 MT 43,

¶ 22, 331 Mont. 231, 130 P.3d 634 (citing *Massaro v. Dunham* (1979), 184 Mont. 400, 405, 603 P.2d 249, 252).

## DISCUSSION

**I. USAA must comply with Plaintiff's discovery requests because they are relevant to her claim, are geographically and temporally appropriate, and, confidential information is protected pursuant to court order.**

In Montana, the "rules of civil procedure are premised upon a policy of liberal and broad discovery." *Patterson v. State*, 2002 MT 97, ¶ 15, 309 Mont. 381, 46 P.3d 642. The Montana legislature enacted the UTPA to discourage unfair and deceptive trade practices. Section 33-18-101, MCA. Thus, the UTPA prohibits any person from engaging in a *general business practice* that would result in unfair claim settlements. *See generally*, § 33-18-201 (1), et al. (emphasis added). Although, a plaintiff is not required "to prove that the violations were of such frequency as to indicate a general business practice," the plaintiff may nonetheless seek discovery and information regarding the defendant's business practice because it is relevant for assessing the appropriateness of punitive damages. Section 33-18-242 (2), MCA; *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 93, 345 Mont. 12, 192 P.3d 186; § 33-18-242 (4), MCA.

First, USAA claims that the Plaintiffs' allegations in the Complaint are restricted to issues regarding "file reviews" and "coding errors." Thus, since the Montana Rules of Civil Procedure limit discovery to "any non-privileged matter that is relevant to any party's claim or defense" then discovery ought to be limited "file reviews" and "coding errors." Mont. R. Civ. P. 26(b). The Court is unpersuaded by this argument. A review of the Complaint demonstrates that the Plaintiffs allege that USAA violated the UTPA, fiduciary and contractual obligations. The allegations are general and references to "file review" and "coding errors" are short and plain statement[s] of the claim showing

that the pleader is entitled to relief." Mont. R. Civ. P. 8(a)(1). Limiting future discovery based on the limited access to evidence a plaintiff has at the beginning of a case would undercut the principle of notice pleading.

Furthermore, USAA claims, partly based on boilerplate language, that some of the requests for production regarding budgets, billings and statistical documents are overly broad and unduly burdensome, or, that the information sought is confidential. Discovery need not be admissible to be discoverable, and, given the liberal discovery rules in Montana, the Court finds that USAA's concerns regarding the burden and breadth of the discovery are appropriately addressed though a geographic limitation to Montana, and a three-year limit for any information sought. Mont. R. Civ. P. 26(b)(1); *Patterson*, ¶ 15. Further, there is already a protective order in place to protect confidential information that may appear as a result of discovery.

USAA also objects to producing the Market Conduct Examination (MCE) for the states in which it offers insurance. MCE's are documents detailing an insurers business practices in that state. USAA claims that the "Montana Department of Insurance has not conducted any MCE in the past six years," and, thus it has nothing to produce in relation to Montana and any other MCE are both geographically or temporally irrelevant despite the language of the UTPA. Section 33-18-242 (2), MCA. However, the assessment of "general business practices" is central to the UTPA. Section 33-18-101; *See generally*, § 33-18-201 (1), MCA. Section 33-18-242 (2), MCA, clarifies that the plaintiff does not have an affirmative duty to prove that unfair trade practices constitute the general business practice of the defendant in order to prevail. However, that provision does not reduce the effect of a central phrase of the UTPA. Section 1-3-233, MCA. In fact, § 33-18-242(2) is a restriction on defendants from using a plaintiff's inability to prove that his injury was a result of a general business practice as an

affirmative defense. Ultimately, the Supreme Court addressed this issue in *Lorang*, stating if a jury should decide "that punitive damages should be awarded here, assessing a proper amount requires analysis of the reprehensibility of [the defendant's] conduct, which is determined in part by considering whether this was an isolated incident." *Lorang*, ¶ 93. Consequently, a document prepared to survey and assess the business practices of an insurer is highly relevant to a claim bought under the UTPA.

Further, USAA objects to production of discovery because USAA does not possess those files. In fact, USAA suggested that the Plaintiffs subpoena AIS to recover information that is normally associated with an insured's claim file. However, a review of the contract between AIS and USAA (Master Service Agreement) clarifies that USAA has access to these files within AIS's system. In fact, Article 7.6.4 of the Master Services Agreement explicitly states that "[Auto Injury Solutions] shall use reasonable best efforts to provide USAA information on all files processes, including but not limited to a history of all Claims, both opened and closed . . . in a form specified by USAA." Thus, the Court is unpersuaded by that argument, also.

Although USAA produced the contract between AIS and USAA, known as the Master Services Agreement (MSA), significant portions of it are redacted. USAA claims that none of that information is relevant to Plaintiffs claim. Although that may be the case, it would be difficult to establish that without an in camera review of the unredacted MSA.

Finally, Plaintiffs request that USAA produce copies of discovery responses and depositions in a class action suit in which USAA was involved in Washington. Plaintiffs suggest that the *MySpine* case is factually similar and feature the same allegations that are at issue her. USAA disagrees with this characterization. The Court has insufficient information to determine the relevancy of the *MySpine* case depositions and discovery

responses. Thus, until Plaintiff produces some court document from Washington demonstrating the similarity between *MySpine* and this case this Court will not render a decision compelling production of documents related thereto.

In conclusion, the Court will note that the Montana Supreme Court remanded this case for further discovery in order to satisfy the evidentiary needs of a Rule 23 certification. Mont. R. Civ. P. 23(a).

## ORDER

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs Motion to Compel is **GRANTED.**

**IT IS FURTHER ORDERED** that USAA shall produce the most recent copy of its Market Conduct Examination for Montana.

**IT IS FURTHER ORDERED** that USAA shall provide the Court with an unredacted copy of its **"MASTER SERVICES AGREEMENT"** for an in camera review by **April 7, 2017.**

**DATED AND ORDERED** this /6th day of March, 2017.

HON. GREGORY R. TODD, District Court Judge
DV-15-0511

cc:  John Heenan and Colette Davies, Attorneys for Plaintiff
     Jessica G. Scott and Ian McKintosh, Attorneys for Defendant

### CERTIFICATE OF SERVICE

This is to certify that the foregoing was caused to be served upon the parties or their attorneys of record at their last-known address this 16th day of March, 2017.

ORDER - 6

1  By _____
   Samir Aarab
2  Law Clerk to HON. GREGORY R. TODD

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25