IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X,<br><br>Defendants. | CV 17-153-BLG-TJC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs filed this putative class action in the Montana Thirteenth Judicial District Court, Yellowstone County, Montana on April 24, 2015, alleging Defendant USAA Casualty Insurance Company ("USAA") engaged in an improper cost containment scheme designed to wrongfully deprive Montana consumers of first-party medical payment benefits. (Doc. 5.) Plaintiffs assert claims for breach of fiduciary duty, breach of contract and unfair trade practices. (*Id.*)

USAA filed a Notice of Removal on November 17, 2017, invoking jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1453. (Doc. 1.) Presently before the Court is Plaintiffs' Motion to Remand. (Doc. 25.) USAA has filed an opposition, and Plaintiff has replied. (Docs. 30,

1

33.) USAA has also filed a Motion to Strike Plaintiffs' reply. (Docs. 34, 36, 37.) These motions are fully briefed and ripe for the Court's review.

The Court finds this matter is suitable for determination on the papers. Having considered the parties' submissions, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

## I. BACKGROUND

On April 24, 2015, Plaintiffs filed this action in state court. (Doc. 5.) Plaintiffs alleged "USAA created artificial barriers and obstacles for its insured to prevent them from collecting their med pay benefits." (*Id.* at ¶ 8.) Plaintiffs claimed USAA wrongfully denied med pay benefits on the basis of "sham 'file reviews'" and "coding errors." (*Id.* at ¶¶ 7, 8, 12, 25.) In the original Complaint, Plaintiffs defined the class as:

> (a) all Montana consumers who (b) were insured by USAA for med pay benefits and (c) who submitted a claim for med pay benefits within the applicable statute of limitations, and (d) *had their claim wrongfully denied in whole or in part following a "file review" by AIS or because of an asserted "coding error."*

(*Id.* at ¶ 28 (emphasis added).)

The Complaint did not specify the number of class members or the amount of damages sought. (*Id.*)

USAA removed the original Complaint to this Court on the basis of diversity jurisdiction on June 10, 2015. (*See Byorth v. USAA Casualty Ins. Co.*, Case No.

1:15-cv-51-BMM, Notice of Removal, Doc. No. 1 (D. Mont. June 10, 2015).) USAA claimed the amount in controversy for individual Plaintiff McKean exceeded $75,000 based on an estimation that included post-removal attorneys' fees. (*Id.*) The Court determined the post-removal fees should not be included in the amount in controversy. (*Byorth,* Case No. 1:15-cv-51-BMM, Order Adopting Findings and Recommendations, Doc. No. 32.) Without the post-removal fees, the amount in controversy did not meet the jurisdictional threshold, and therefore, the Court remanded the case. (*Id.*)

Thereafter, the case proceeded in state court for the next two years. (Doc. 4.) During that time, the parties litigated discovery disputes and class certification issues. (*Id.*)

On October 20, 2017, Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. 18.) In the FAC, Plaintiffs allege USAA had adopted an illegal scheme to "uniformly deny and reduce medical claims submitted by insureds relating to a covered accident or occurrence for which insureds seek medical coverage." (*Id.* at ¶ 11.) The FAC amended the class definition to include:

> (a) all Montana consumers who (b) were insured by USAA for Med Pay benefits and (c) who submitted a claim for Med Pay benefits within the applicable statute of limitations, and (d) *had their claim processed by AIS, resulting in any rejection or reduction or delay.*

(*Id.* at ¶ 50 (emphasis added).)

Again, the FAC did not specify the number of class members or the amount of damages sought. (*Id.*)

On November 17, 2017, USAA again removed, this time asserting jurisdiction under CAFA. (Doc. 1.) USAA alleged the original Complaint was not removable under CAFA, but the FAC is removable. (*Id.* at 4.) USAA asserts the FAC redefined and expanded the class. (*Id.* at 5.) Based on the new class definition, USAA states it was able to determine, for the first time, that the amount in controversy exceeded the jurisdictional threshold under CAFA. (*Id.*)

On December 14, 2017, Plaintiffs filed the instant motion to remand. (Doc. 25.) Plaintiffs argue this action must be remanded to state court because the removal is untimely. Plaintiffs assert the FAC did not substantively change their claims or damages, and therefore, the FAC does not provide a new basis for removal. Plaintiffs also contend USAA had been on notice of the extent of Plaintiffs' damage claims for years, through the prior class certification process, in connection with a discovery dispute, and through Plaintiffs' discovery responses. Plaintiffs further argue they are entitled to attorney's fees and costs incurred as a result of the removal, because USAA lacked an objectively reasonable basis for seeking removal.

In response, USAA argues it timely removed on the basis of CAFA jurisdiction. USAA contends neither the face of the original Complaint, the

FAC, nor any other pleading, motion, order or paper demonstrated the amount in controversy was sufficient to meet CAFA's jurisdictional threshold. Thus, USAA argues neither of the 30-day removal periods in 28 U.S.C. § 1446(b) were triggered. Rather, USAA asserts that it promptly and permissibly removed after it independently determined from its own investigation that it could meet the jurisdictional requirements of CAFA. USAA further opposes Plaintiffs' request for fees and costs.

Following receipt of Plaintiff's reply brief, USAA filed a Motion to Strike the argument raised in the reply that USAA's removal is an improper successive removal. (Doc. 35.) USAA asserts Plaintiffs improperly asserted this argument for the first time in reply. USAA, therefore, asks the Court to either strike the argument, or alternatively, permit it to file a sur-reply. Plaintiff opposes the motion.

## II. MOTION TO REMAND

### A. Legal Standards

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). CAFA vests federal courts with original jurisdiction over class actions where: (1) there is minimal diversity of citizenship between the parties; (2) the proposed class has at least 100 members; and (3) the

amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332(d), 1453; *Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). The presumption against removal jurisdiction does not apply in cases invoking CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (noting Congress intended CAFA to be interpreted expansively). Nevertheless, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Here, the parties do not dispute that the minimal diversity, numerosity, and amount in controversy requirements under CAFA are met. The sole issue, therefore, is whether the removal was timely.

The timeliness of removal is governed by 28 U.S.C. § 1446(b), which provides two 30-day windows for removing a case. Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In addition, the Ninth Circuit has held that a defendant may remove "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Thus, the two 30-day periods set forth in §1446(b) are not the exclusive periods for removal. But if either period has been triggered, the defendant only has 30 days to remove. *Id.* at 1125 ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."). Generally, even if the time periods in § 1446(b) have not been triggered, there is still a one-year limitation on removal for diversity cases. *See* 28 U.S.C. § 1446(c)(1). However, the one-year limitation does not apply when federal jurisdiction is founded on CAFA. 28 U.S.C. § 1453(b). Thus, the Ninth Circuit has specifically held that a CAFA case "may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth*, 720 F.3d at 1126.

To trigger the 30-day removal periods under §1441(b), the grounds for removal must be evident from the face of the pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). That is, the determination of

removability is based on the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.*  If it is unclear from the complaint whether the case is removable, the pleadings are considered "indeterminate," and the 30-day removal window is not triggered.  *Id* at 693.  There is no duty on the removing party to further investigate.  *Id.* at 694.  *See also Kuxhausen v. BMW Fin. Servs. NA, LLC,*, 707 F.3d at 1139 (stating removals under CAFA are equally subject to the *Harris* rule).  The defendant is expected, however, to "apply a reasonable amount of intelligence in ascertaining removability," such as multiplying figures that are clearly stated in a complaint.  *Kuxhausen*, 707 F.3d at 1140.  But the defendant "need not make extrapolations or engage in guesswork."  *Id.*

The reason the Ninth Circuit adopted the bright line rule in *Harris* was to bring certainty and predictability to the removal process, and to avoid collateral litigation over whether the defendant had subjective knowledge or conducted a sufficient inquiry to determine removability.  *Harris*, 425 F.3d at 697.  The Ninth Circuit has recognized its rule creates a potential for gamesmanship, because "in some diversity cases, defendants will be able to take advantage of the fact that neither the 'initial pleading' nor any later document received from plaintiff triggers one of the two thirty-day periods.  In such cases, defendants may sometimes be able to delay filing a notice of removal until it is strategically advantageous to do

so." *Roth*, 720 F.3d at 1126. But the answer, according to the Ninth Circuit, is not to preclude removability, but rather for the plaintiffs to protect themselves. *Id.* "If plaintiffs think that their action may be removable . . . they need only provide to the defendant a document from which removability may be ascertained." *Id. See also Kuxhausen*, 707 F.3d at 1141 ("[W]e 'don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove.' . . . By leaving the window open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings.").

      B.     <u>Whether the Removal was Timely</u>

Here, the initial Complaint did not affirmatively reveal on its face the facts necessary for federal court jurisdiction under CAFA. *Harris*, 425 F.3d at 694. The Complaint did not identify the class size or state the amount of damages sought. (*See* Doc. 5.) Nor did the Complaint provide information from which USAA could have readily calculated the amount in controversy. (*Id.*) Therefore, the 30-day removal period under §1446(b)(1) was not triggered by the initial Complaint.

Likewise, it is not evident from the face of the FAC that the jurisdictional thresholds for CAFA were present. (*See* Doc. 18.) Again, the FAC did not specify the amount of damages sought, or state information from which the amount in controversy could have been calculated. (*Id.*) Thus, both the Complaint and the

FAC are indeterminate pleadings with regard to federal jurisdiction under CAFA.[1] As such, neither started the removal clock under §1446(b)(1) or (b)(3).

The Court further finds USAA did not receive any "other paper" that provided information sufficient to trigger the 30 day period in §1446(b)(3). Plaintiffs asserts USAA was made aware of the scope of the class (and thereby facts from which CAFA jurisdiction was ascertainable) through the briefing and discovery on class certification issues. The discovery responses, briefs, and court orders Plaintiffs cite, however, are silent regarding the amount in controversy. (*See* Docs. 26-1 – 26-9.) None of the documents indicate that the total amount in controversy exceeded $5 million, or provided information which made removability under CAFA apparent without further investigation. *Compare Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886-87 (9th Cir. 2010) (finding the 30-day time period under § 1446(b)(3) was triggered by deposition testimony that revealed the amount demanded by each putative class member was $25,000, and holding that based on the testimony, the defendant could reasonably

---

[1] Plaintiffs focus their argument on the class definition, and assert the scope of the class did not materially change between the Complaint and FAC. On that basis, they argue USAA could have ascertained the amount in controversy all along. Even assuming there was no substantive difference in Plaintiffs' claims or the class definition, the fact remains that neither the Complaint, nor the FAC expressly provide the amount of damages at issue. As such, they are indeterminate pleadings.

ascertain for the first time that the amount in controversy exceeded $5 million); *Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (holding removability under CAFA was not triggered until the defendant received interrogatory answers that specified the amount in controversy exceeded $25 million).

Because neither 30-day removal window under §1446(b) was triggered here, it was permissible for USAA to wait and remove based on its own investigation. Regardless of whether it was possible for USAA to have ascertained that CAFA jurisdiction existed at some earlier point in the litigation, USAA was not obligated to do so. *See Roth*, 720 F.3d at 1125 ("[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir.2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time."); *Kuxhausen*, 707 F.3d at 1141, n.3 (noting the plaintiff was "incorrect in asserting that because [the defendant] *could have* ventured beyond the pleadings to demonstrate removability *initially* (as it did later upon receipt of the

First Amended Complaint) it was therefore *obligated* to do so") (emphasis in original).

Here, USAA chose to investigate the claimed damages after receiving the FAC, and it promptly removed upon independently determining that the amount in controversy exceeded the jurisdictional threshold under CAFA. This process is expressly authorized by the Ninth Circuit. *Roth*, 720 F.3d at 1122. Accordingly, the Court finds USAA's removal was timely.

### C. Whether the Removal was an Improper Successive Removal

Plaintiffs assert that even if USAA could remove based on its own investigation, the removal is an improper successive removal. Ordinarily, a party may not file a second notice of removal upon the same grounds where the court previously remanded the action. *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883). The general prohibition on successive removals does not apply, however, "when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co.,* 933 F.2d 729, 732 (9th Cir. 1991) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (emphasis in original).

The statutory basis for the successive removal doctrine stems from 28 U.S.C. § 1447(d), which provides that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28

U.S.C. § 1447(d).  In *Seedman v. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988), the Ninth Circuit explained that § 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court."  The Ninth Circuit subsequently recognized, however, that *Seedman* and § 1447(d) prevent a "district court from considering a removal based on the *same grounds* as the one the court had previously remanded."  *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).  The Court also made clear that the successive removal prohibition does not apply to cases involving CAFA removals, since "CAFA explicitly allows review of remand orders 'notwithstanding section 1447(d)[.]'"  *Id*.

    Nevertheless, even if the ordinary rule applies, USAA's second removal was based on a new and different ground than its first removal.  Previously, USAA removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332; USAA's second removal is based on CAFA.  The second removal was initiated after Plaintiffs filed an amended complaint confirming that the scope of the class included "any rejection or reduction or delay" and not just denials following "file reviews" or because of "coding errors."  (*See* Docs. 5 at ¶ 28; 18 at ¶ 50.)  Thus, it was based on new and different grounds, and did not run afoul of the successive removal prohibition.  *See e.g. Reyes v. CVS Pharmacy, Inc.*, 2014 WL 3938865 (E.D. Cal. Aug. 11, 2014) (allowing the defendant to remove under CAFA, even

though the defendant had previously attempted to remove on the basis of federal question jurisdiction); *Jordan*, 781 F.3d at 1180 (holding a defendant may remove a case after ascertaining the action is removable under CAFA, even if an earlier pleading or other document revealed an alternative basis for federal jurisdiction).[2]

### D. Attorney's Fees and Costs

Plaintiffs argue USAA lacked an objectively reasonable basis for removal, and therefore, requests that the Court direct an award of attorney's fees and costs associated with the motion to remand pursuant to 28 U.S.C. § 1447(c). As discussed above, the Court finds USAA's removal is timely and appropriate, and therefore, denies Plaintiffs' motion to remand. Accordingly, Plaintiffs' request for attorneys' fees is likewise denied.

## III. MOTION TO STRIKE

As discussed above, USAA contends that Plaintiffs improperly raised the issue of successive removal for the first time in reply, and moves to strike the argument. The Court has determined that the successive removal rule does not bar removal in this case. USAA's motion to strike is, therefore, moot.

---

[2] The Court finds the district court opinions cited by Plaintiff on this issue are distinguishable because the cases involved a second removal under the same jurisdictional theory, or there was no amendment to the operative pleading. *See Anderson v. Schwan Food Co.*, 2014 WL 1266785 (C.D. Cal. Mar. 26, 2014) (both removals were under CAFA); *Allen v. UtiliQuest, LLC*, 2014 WL 94337 (N.D. Cal. Jan. 9, 2014) (same); *Jones v. J.C. Penney Corp., Inc.*, 2011 WL 4529406 (C.D. Cal. Sept. 28, 2011) (successive removal of the same operative pleading).

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Remand (Doc. 25) is **DENIED**, and

2. USAA's Motion to Strike (Doc. 34) is **DENIED** as moot.

**IT IS ORDERED**.

DATED this 20th day of August, 2018.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　TIMOTHY J. CAVAN
　　　　　　　　　　　　　　　United States Magistrate Judge