IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X,<br><br>Defendant. | CV 17-153-M-KLD<br><br>**ORDER** |

Plaintiffs Peter Byorth and Ann McKean bring this action against USAA Casualty Insurance Company ("USAA"), alleging USAA improperly administered medical payment insurance benefits and wrongfully denied coverage to Montana consumers. Plaintiffs assert five counts against USAA: (1) breach of fiduciary duty; (2) breach of contract; (3) violation of Montana's Unfair Trade Practices Act ("UTPA"); (4) punitive damages; and (5) declaratory and injunctive relief. This Court granted class certification under Fed. R. Civ. P. 23(b)(2) as to Plaintiffs' claim for declaratory and injunctive relief. (Doc. 148.)

1

This Court has previously discussed this matter's factual history[1] and therefore refrains from repeating it here.  For purposes of the pending Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the Second Amended Complaint, and construes them in a light most favorable to the plaintiffs.

Currently before this Court is USAA's motion to dismiss with prejudice Counts I and V of Plaintiffs' Second Amended Complaint. (Doc. 121.)  USAA also requests dismissal of Count III to the extent Plaintiffs seek to assert private causes of action that are not recognized by the UTPA.  On December 2, 2019, the Court heard oral argument from the parties on the motion. (Doc. 159.)  Having reviewed the parties' arguments and submissions, and for the reasons discussed below, USAA's motion is **GRANTED** in part and **DENIED** in part.

## I.   Legal Standard

The Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v.*

---

[1] *See* Doc. 148 at 2-6.  This matter's factual history was also discussed at the August 20, 2019 hearing on Plaintiffs' Motion for Class Certification. (Docs. 147, 150.)

*Iqbal*, 556 U.S. 662, 677–78 (2009). Dismissal is proper under Fed. R. Civ. P. 12(b)(6) only when the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility is context-specific, requiring courts to draw on judicial experience and common sense when evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

When considering a 12(b)(6) motion, a court must accept as true the allegations of the complaint and construe them in the light most favorable to the nonmoving party. *Hardesty v. Barcus*, 2012 WL 705862, *2 (D. Mont. Jan. 20, 2012). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007).

/ / /

/ / /

## II. Discussion

### a. Count I – Breach of Fiduciary Duty

USAA argues Plaintiffs' claim for breach of fiduciary duty is barred by the UTPA. Under Montana law, the UTPA governs all claims brought by "[a]n insured who has suffered damages as a result of the handling of an insurance claim[.]" Mont. Code Ann. § 33-18-242(3). An insured's claim for breach of fiduciary duty is preempted by the UTPA. *Burton v. State Farm*, 105 Fed. Appx. 154, 160 (9th Cir. 2004); *See also Hoffman v. Geico Ins. Co.*, 2007 WL 9710396, n. 2 (D. Mont. 2007) (The UTPA "precludes an insured from maintaining an independent action in tort predicated upon breach of fiduciary duty for an insurer's conduct in the handling of a claim for benefits."). The law is clear on this issue and Plaintiffs do not oppose dismissal of their claim for breach of fiduciary duty. (Doc. 130 at 10.) Accordingly, USAA's request to dismiss Count I with prejudice is GRANTED.

### b. Count III – Unfair Trade Practices Act

USAA next requests dismissal of Plaintiffs' claim for violation of the UTPA to the extent Plaintiffs seek to assert private causes of action that are not recognized by the Act. USAA contends it is unclear from the Second Amended Complaint whether Plaintiffs allege that USAA violated Mont. Code Ann. § 33-18-201(2) and (7). Because subsection (2) and (7) do not fall within the UTPA's

limited right of action, USAA argues Plaintiffs cannot assert those claims for damages.

In response, Plaintiffs clarify that they are not asserting a claim for damages under § 33-18-201(2) and (7).  (Doc. 130 at 9.)  Rather, Plaintiffs request damages only for USAA's alleged violations of the UTPA under § 33-18-201(1), (4), (5), (6), (9), and (13).  (Doc. 118 at ¶ 50.)  Plaintiffs explain that their allegations under subsections (2) and (7) are contained in their request for declaratory and injunctive relief under Count V.  The Court therefore finds Count III of Plaintiffs' Second Amended Complaint does not assert a claim for damages under § 33-18-201(2) and (7).  USAA's request for dismissal of these claims is therefore DENIED as MOOT.

### c. Count V – Declaratory and Injunctive Relief

USAA moves to dismiss Plaintiffs' claim for declaratory and injunctive relief as barred by the UTPA.  (Doc. 122 at 5.)  Specifically, USAA argues that the UTPA does not permit an insured to bring a cause of action against an insurer for declaratory and injunctive relief.  USAA therefore contends that the equitable relief requested by Plaintiffs is incognizable.  In response, Plaintiffs argue Montana law authorizes equitable relief claims under the UTPA.

Pursuant to the UTPA, an insured may assert a claim against an insurer for "actual damages caused by the insurer's violation" of the UTPA's actionable

provisions. Mont. Code Ann. § 33-18-242. Additionally, "[a]n insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to [§ 33-18-242], but not under any other theory or cause of action." Mont. Code Ann. § 33-18-242(3).

Applying the UTPA's principles, this Court and the Ninth Circuit have found the Act's private right of action to be limited, and declaratory relief to be an unavailable remedy for UTPA violations. *Bateman v. Nat'l Union Fire Ins. Co.*, 423 Fed. Appx. 763, 766 (9th Cir. 2011) ("Plaintiffs seek a declaration that Defendant violated the UTPA, a statute that provides relief only in the form of money damages"); *Garner v. USAA Gen. Indem. Co.*, 2019 WL 3306135, *5 (D. Mont. July 23, 2019) ("[Declaratory judgment] is not permitted under the UTPA"); *Fossen v. Caring for Montanans, Inc.*, 993 F. Supp. 2d 1254, at 1263 (D. Mont. 2014), *aff'd* 617 Fed. Appx. 737 (9th Cir. 2015) (There is "no cognizable basis" for bringing claims under any theory or cause of action other than "breach of the insurance contract, for fraud, or pursuant to [§ 33-18-242]").

Additionally, in *Isben, Inc. v. Caring for Montanans, Inc.*, 371 P.3d 446, ¶ 50 (Mont. 2016), the Montana Supreme Court cited *Fossen* to conclude that the UTPA "does not imply a private right of action . . . [it] narrowly provides a limited private right of action only in [§ 33-18-242]." The plaintiff in *Isben* sought to

assert common law tort claims based upon insurer misconduct not explicitly set forth in the UTPA. The Montana Supreme Court determined the plaintiff sought private enforcement of the UTPA's provisions since the claims set forth in the complaint "relie[d] upon incorporation of the [Montana Insurance Code]." *Isben*, ¶ 42. The court additionally stated that if the UTPA allowed a private right of action for the conduct alleged, the court would allow the litigation to proceed. However, because the UTPA "does not expressly or impliedly create a private right of action for [the alleged violations]," the claims fail as a matter of law. *Isben*, ¶ 43.

Here, Plaintiffs' claims similarly "rel[y] upon incorporation" of the UTPA. *Isben*, ¶ 42. Plaintiffs concede this point in their briefing,[2] and Count V of their complaint specifically requests declaratory and injunctive relief ordering USAA to come "into compliance with Montana law[.]" (Doc. 23 at 23.) The UTPA, however, neither creates a right of action for declaratory judgment, nor does it allow for declaratory or injunctive relief. *See*, Mont. Code Ann. § 33-18-242(1), (3). Rather, the UTPA's limited private right of action and available remedies are expressly articulated in § 33-18-242. Additionally, prior to the Montana legislature's creation of a UTPA private right of action, only the Montana Insurance Commissioner was authorized to enforce the Act. *Isben*, ¶ 21. The

---

[2] Plaintiffs maintain that Montana law authorizes declaratory and injunctive relief claims for violations of the UTPA. *See*, Doc. 130 at 4-8.

Montana Supreme Court has explained that the legislative history discussing the creation of § 33-18-242 indicates that the legislature intended to limit private causes of action only to those delineated in the statute.  *See Isben*, ¶ 26.

Pursuant to the plain language of the Act, and the legislative history supporting its narrow construction, it is reasonable to construe § 33-18-242 as prohibiting an insured from bringing an independent cause of action against an insurer for declaratory judgment.  *See*, *Larson v. State*, 434 P.3d 241, ¶ 35 (Mont. 2019) (discussing whether the legislature intended to create a private right of action for enforcing § 13-10-601(2) by declaratory judgment in connection with the UDJA). Correspondingly, under the Act, and as noted by the Ninth Circuit, this Court cannot grant declaratory relief for violations of the UTPA's actionable provisions.  *Bateman*, 423 Fed. Appx. at 766.  *See also, Fossen*, 617 Fed. Appx. At 739 ("the Montana Supreme Court has never recognized a private right of action for the violation of a UTPA provision other than those provisions identified in § 33-18-242(1).).

Regardless of the UTPA's language, *Isben*'s narrow interpretation of the statute, and the Ninth Circuit's explicit holding that declaratory judgment is an unavailable remedy for UTPA violations, Plaintiffs suggest the Montana Supreme Court's decision in *Jacobsen v. Allstate Ins. Co.*, 310 P.3d 452 (Mont. 2013) authorizes such equitable relief.  In *Jacobsen*, the Montana Supreme Court upheld

8

the state district court's certification of a Rule 23(b)(2) class and remanded the case "to determine the availability of the above declaratory and injunctive relief in a class trial." *Jacobsen*, ¶ 64.  The class trial would function to determine whether Allstate's alleged conduct "violates the UTPA according to the certified declaratory relief." *Jacobsen*, ¶ 64.  Plaintiffs therefore ask the Court to infer from *Jacobsen* that declaratory relief is an available cause of action and remedy under the UTPA.

The Court acknowledges that the Montana Supreme Court's holding in *Jacobsen* is contrary to *Isben* and the federal case law governing this issue.[3]  For the following reasons, however, the Court will continue following the Ninth Circuit and the Montana case law indicating that declaratory relief is not an available remedy under the UTPA's limited private right of action.

First, Plaintiffs rely on the state district court's decision in the *Jacobsen* litigation to persuade the Court that declaratory relief is available under the UTPA. But the district court's analysis received limited discussion from the Montana Supreme Court in its determination of whether declaratory relief was appropriate. *Jacobsen*, ¶¶ 67-68.  Because *Jacobsen* involved a motion for class certification rather than a motion to dismiss, the Montana Supreme Court's analysis largely

---

[3] Neither the parties' briefing nor the opinion in *Jacobsen* addressed *Bateman v. Nat'l Union Fire Ins. Co.*, 423 Fed. Appx. 763, 766 (9th Cir. 2011).

focused on whether the proposed class was sufficiently cohesive to be certified under 23(b)(2). *Jacobsen*, ¶¶ 65-74. The court's decision to certify a declaratory class was based on the plaintiff's ability to present a common question and the court's finding that a 23(b)(2) class would not require individualized damages inquiries. *Jacobsen*, ¶¶ 65-74. This Court is not faced with questions involving class certification — it is faced with questions of legal cognizability.[4]

Next, § 33-18-242 makes clear that an independent cause of action may be brought against an insurer only for "actual damages[,]" under a theory of "breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action." Mont. Code Ann. § 33-18-242(1), (3). Count V of Plaintiffs' complaint is pled as a declaratory action referencing Montana's Uniform Declaratory Judgments Act. (Doc. 118 at 21-23.) Plaintiffs seek a declaration that USAA violated the UTPA although the statute only provides relief in the form of actual damages. As made clear by the statute's language, "a federal court may not grant the equitable relief that Plaintiff[s] propose[] for violations of

---

[4] In the Order granting class certification with respect to Count V, Judge Cavan noted that the Court's resolution of USAA's motion to dismiss could "impact Plaintiffs' ability to proceed on its claim for declaratory and injunctive relief." (Doc. 30.) This statement further supports the Court's reasoning that analyzing this issue in the context of a motion to certify class rather than a motion to dismiss is critical to determining the claim's viability.

the UTPA's actionable provisions." *Bateman*, 423 Fed. Appx. at 766. "This type of relief is not permitted under the UTPA." *Garner*, 2019 WL 3306135 at *5.

Although this Court and the Ninth Circuit have applied the UTPA as written, it is apparent from the Montana Supreme Court's conflicting analyses in *Isben* and *Jacobsen* that the availability of declaratory relief under the UTPA is uncertain. Muddying the waters even further, at oral argument on this motion, and for the first time in this matter, Plaintiffs cited *Marshall v. Safeco Ins. Co.*, 413 P.3d 828 (Mont. 2018). In *Marshall*, the Montana Supreme Court found that a third-party insured's declaratory judgment claim alleging that an insurer was out of compliance with settlement practices required by the UTPA presented a justiciable controversy. *Marshall*, ¶ 14. The court was not directly confronted with the issue of whether the UTPA allows declaratory relief, but the court's abstention from addressing the issue increases confusion by implying equitable relief may be permitted.

Until the Montana Supreme Court resolves its conflicting case law by directly addressing this issue, this Court will continue following Ninth Circuit precedent. Therefore, pursuant to the Ninth Circuit's explicit holding on this issue, and the congruent case law discussed above, the Court finds Plaintiffs' claim for declaratory judgment and injunctive relief is unavailable in this action.

///

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Count I of Plaintiffs' Second Amended Complaint is **DISMISSED** with prejudice.

2. USAA's Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint is **DENIED** as **MOOT**.

3. Count V of Plaintiffs' Second Amended Complaint is **DISMISSED** with prejudice to the extent Count V seeks a declaration that USAA violated the UTPA, and an injunction prohibiting such claims practices.

**IT IS FURTHER ORDERED** that because the Court has dismissed Plaintiffs' certified class claim requesting declaration that USAA violated the UTPA, and an injunction prohibiting such claims practices, Defendant's motion for reconsideration of the Court's Order certifying a 23(b)(2) class (Doc. 151) is **DENIED** as **MOOT**.

A schedule for disposition of the remaining claims in this matter is now required. Therefore, Plaintiffs' Motion for Scheduling Conference (Doc. 153) is **GRANTED**. Accordingly, lead trial counsel for the respective parties are required to participate in the conference and shall report to the chambers of the undersigned United States Magistrate Judge in the Russell Smith Courthouse, 201 E. Broadway, Missoula, Montana, on **January 15, 2020,** at **11:00 a.m.**

**IT IS ORDERED**.

DATED this 10th day of December, 2019.

_____

Kathleen L. DeSoto
United States Magistrate Judge

13