IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CV 17-153-BLG-KLD<br><br>**ORDER** |

Defendant USAA Casualty Insurance Company ("USAA") brings a Motion to Sever Plaintiff Peter Byorth's claims from Plaintiff Ann McKean's claims. (Doc. 167.) USAA seeks separate trials and judgments for each Plaintiff, pursuant to Federal Rule of Civil Procedure 21. Plaintiffs oppose the motion.

## I.   Legal Standard

Courts have broad discretion to sever claims and create two independent actions. *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017). In determining whether severance is warranted, courts look to the conditions for proper joinder and severance set forth by Federal Rules of Civil Procedure 20 and 21. *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Central Dist. of Calif.*, 523 F.2d 1073,

1

1079-80 (9th Cir. 1975). Co-plaintiffs are properly joined where two requirements are met: "(1) the plaintiffs asserted a right to relief arising out of the same transaction and occurrence *and* (2) some question of law or fact common to all the plaintiffs will arise in the action." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (emphasis in original); *See also* Fed. R. Civ. P. 20(a). If both requirements are not met, severance is the proper remedy to cure the misjoinder. The court should also determine the prejudicial effect of severance or continued joinder. Even if both requirements are met, the court may sever the plaintiffs to avoid prejudice. *Coleman*, 232 F.3d at 1296. *See also*, *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("if the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance").

## II.  Discussion

USAA argues Plaintiffs' claims arise from two separate transactions, involve different factual proof, and raise different issues of law. USAA additionally argues that it will be prejudiced by a single trial. In response, Plaintiffs aver that severance is not warranted because questions of law and fact are common to their claims. Plaintiffs also argue that the evidence related to their claims is substantially similar and principles of judicial economy weigh against severance.

Upon review of the claims, Plaintiffs have not asserted a right to relief arising out of the same transaction and occurrence. "By its terms, this provision requires factual similarity in the allegations supporting Plaintiffs' claims." *Visendi v. Bank of America, N.A.*, 733 F.3d 863, (9th Cir. 2013). Plaintiff Byorth's and Plaintiff McKean's claims involve distinct facts. Their claims arose from injuries sustained in two separate car accidents. Plaintiffs received different medical treatment from different medical providers, and each submitted a separate claim for benefits to USAA. Additionally, their claims were processed by different claims adjusters and underwent different processing actions. Finally, USAA made different benefits decisions for each Plaintiff's claim. USAA paid Plaintiff Byorth's claim, but payment was allegedly delayed. USAA initially paid Plaintiff McKean's claim, but later denied payment upon determining her treatment was no longer reasonable or necessary.  (Doc. 118 at ¶¶ 30-37; Doc. 17 at 3-4.)

Plaintiffs argue that the "bulk of the trial" would focus on USAA's allegedly unlawful claims processing program. However, the facts supporting their claims, and the inquiries necessary to prove the elements of their claims, are dissimilar. (Doc. 169 at 7.) For example, Plaintiffs' allegations that USAA violated Montana's Unfair Trade Practices Act require them to show that USAA refused to pay their claims "without conducting a reasonable investigation based upon all available information." Mont. Code Ann. § 33-18-201(4). An individualized inquiry into the

adjustment process for each Plaintiff's claim would therefore be required to determine USAA's reasonableness. The jury would have to consider evidence specific to each plaintiff to determine whether USAA appropriately handled the claims. While there would likely be some overlap in the evidence concerning Plaintiffs' theory that USAA unlawfully adjusts claims on a programmatic level, the jury would also have to evaluate individualized evidence such as testimony from each Plaintiff's claims adjuster and treatment providers. "[T]he single transaction or occurrence requirement is not met where plaintiffs would have to prove their claims or defendants would have to litigate their defenses on an individualized basis." *Corley v. Google, Inc.*, 316 F.R.D. 277, 284 (N.D. Cal. 2016) (collecting cases).

The same issues arise with Plaintiffs' breach of contract claims. Plaintiffs must establish a breach of the insurance policy, and that the breach proximately caused damages. *Tin Cup Cty. Water &/or Sewer Dist. v. Garden City Plumbing & Heating, Inc.*, 200 P.3d 60, 68 (Mont. 2008). The jury will therefore be required to examine the evidence to determine whether USAA wrongfully processed each Plaintiff's claim. Additionally, each Plaintiff must present individual evidence to establish their discrete damages. For example, Plaintiff Byorth's damages differ from Plaintiff McKean's because his claim was eventually paid while Plaintiff McKean's claim was denied. Not only do the factual allegations supporting

Plaintiffs' claims differ, but USAA defends the reasonableness of its adjustment of Plaintiffs' claims on an individualized basis.[1] (Doc. 170 at 4.)

Plaintiffs attempt to harmonize the discrete facts alleged in their complaint by framing their dispute broadly; "Both Mr. Byorth and Ms. McKean are presenting claims that USAA violated the Montana UTPA with respect to the manner in which it handled their MedPay claims." (Doc. 169 at 5.) The Court agrees that there are superficial similarities between Plaintiffs' claims. For example, both Plaintiffs had MedPay policies with USAA, they both sustained injuries from car accidents, and they both contend that USAA unlawfully processed their claims. However, these similarities are not enough to establish that Plaintiffs' claims arose out of the same transaction or occurrence. As explained, the facts comprising each Plaintiff's allegations are substantially different and require individualized attention. *See Coughlin*, 130 F.3d at 1350 (finding that general allegations of delayed adjudication do not establish a common transaction or occurrence).

Plaintiffs' opposition to severance focuses on the second requirement of proper joinder: the existence of common questions of law and fact. Because the

---

[1] Additionally, under Montana law "the jury must consider, at a minimum, the insurer's own records . . . the jury must be 'aware of everything in the claims file,' such as 'investigative reports, evaluations, and correspondence.'" *Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 204 (Mont. 2008) (citation omitted). Each Plaintiff's claim file would thus be subject to the jury's individualized review.

Court has determined the first requirement has not been met, it declines to address commonality. However, the Court notes that Plaintiffs cite *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) to argue that so long as a common question exists among their claims, "it need not predominate; that's a requirement for class actions, not for permissive joinder." However, Plaintiffs fail to acknowledge the very next paragraph in *Lee* which states, "[i]f other issues predominate over the common question, the district judge is entitled to sever the suit or order separate trials." *Lee*, 635 F.3d at 971. This is the precise situation here. The Court retains discretion to sever co-plaintiffs even where a common question of law connects their claims.

Finally, USAA argues that severance is warranted because prejudice will result from a joint trial. Considering the circumstances of this matter, the Court must determine "whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman*, 232 F.3d at 1298. USAA claims severance is required because "[t]he presentation of different facts in the same trial is prejudicial to a defendant because it risks jury confusion." (Doc. 170 at 8.)

USAA relies on *Coleman* and *Scovil* to support its argument that severance is necessary to eliminate the prejudicial effect of a joint trial. In *Coleman*, the court found prejudice would result from ten plaintiffs testifying in the same trial

6

because of the "impact of a parade a witnesses" and because of the "danger of jury confusion[.]" *Coleman*, 232 F.3d at 1296. The court additionally found legal confusion would likely result because the jury would be required to evaluate the law of six different states. *Coleman*, 232 F.3d at 1296.

In *Scovil*, the district court found there was "no reason to risk confusing jurors with what will necessarily be separate evidence of causation . . . [and] there is no evidence that Plaintiffs would be prejudiced by bringing their claims separately." *Scovil v. Medtronic, Inc.*, 995 F.Supp.2d 1082, 1098 (D. Ariz. 2017). The case involved only two plaintiffs whose claims arose out of separate surgeries using the same allegedly flawed device. Because the plaintiffs' claims were not part of the same transaction or occurrence, the court found no reason to risk the prejudice of a joint trial.

The claims brought by each Plaintiff, while not unduly complicated, present issues that could lead to jury confusion and result in prejudice to USAA. As previously discussed, much of the evidence supporting each Plaintiff's claims is individualized. USAA did not uniformly handle Plaintiffs' MedPay claims and Plaintiffs allege distinct injuries. The evidence required to establish causation and the reasonableness of USAA's claims handling will include separate medical records and testimony from different claims adjusters and treatment providers. There is also a risk that the jurors will be prejudiced by the fact that two plaintiffs

are alleging USAA wrongfully processed their claims. Jury confusion is also likely because Plaintiffs' claims did not arise out of the same accident. Explaining to the jury the nexus between the two claims and why they are being tried together is an unnecessary hurdle when no prejudice would occur from trying the claims separately.

The Court recognizes that judicial economy weighs against severance because separate trials will likely result in the presentation of some overlapping evidence. However, the risk of prejudice outweighs judicial economy concerns. A trial date has been set in this matter and the Court will promptly schedule a second trial date. There is no reason severance should result in the delayed disposition of either matter.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that USAA's Motion to Sever (Doc. 167) is **GRANTED**. The Clerk of Court is directed to create a second case number for this action.

**IT IS FURTHER ORDERED** that a telephonic Scheduling Conference

/ / /

/ / /

/ / /

shall be held on June 9, 2020, at 11:00 a.m. to confirm and set trial dates for each case. All counsel shall call 1-866-390-1828 at the designated time to participate in the scheduling conference. When prompted, enter the access code 8447649 followed by #.

**IT IS ORDERED.**

DATED this 4th day of June, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge