IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANN MCKEAN,<br><br>Plaintiff,<br><br>vs.<br><br><br>USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X,<br><br>Defendant. | CV 20-76-BLG-KLD<br><br><br>**ORDER** |

Plaintiff Ann McKean brings this action against USAA Casualty Insurance Company ("USAA"), alleging USAA improperly administered medical payment insurance benefits and wrongfully denied coverage to Montana consumers.

Currently before this Court is USAA's motion for summary judgment on punitive damages. (Doc. 183.) Having reviewed the parties' arguments and submissions, and for the reasons discussed below, USAA's motion is **DENIED**.

**I.     Legal Standard**

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking

1

summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the non-moving party designates by affidavits, depositions, answers to interrogatories or admissions on file "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials" of the pleadings. *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

## II.    Discussion

Montana law allows a party to recover punitive damages when a defendant has committed actual fraud or actual malice. Mont. Code Ann. § 27-1-221. The Montana Supreme Court has explained that "[t]he defendant's state of mind represents a key element in determining whether a defendant acted with actual fraud or actual malice." *Malcolm v. Evenflo Co., Inc.*, 217 P.3d 514, ¶ 90 (Mont. 2009); *See also*, *Lorang v. Fortis Ins. Co.*, 192 P.3d 186 (Mont. 2008) ("as with proof of the alleged UTPA violation itself, proof of actual malice depends on what the insurer knew or disregarded when it considered the subject claim."). Because of the subjectivity and fact intensive issues involved in proving punitive damages, the determination of whether punitive damages are warranted is typically left to the jury. Courts should therefore deny summary judgment if a reasonable juror could determine clear and convincing evidence exists in the record to support a finding of actual fraud or actual malice. *Dunn v. Ancra Intern, LLC*, 2011 WL 4478478, *6 (D. Mont. Sept. 26, 2011); Mont. Code Ann. § 27-1-221(5) ("All elements of the claim for punitive damages must be proved by clear and convincing evidence.").

Pursuant to Mont. Code Ann. § 27-1-221:

A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and:

>   (a) deliberately proceeds to act in conscious or intentional
>       disregard of the high probability of injury to the plaintiff; or

3

> (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.

Mont. Code Ann. § 27-1-221(2). The statute additionally provides that a "defendant is guilty of actual fraud if the defendant (a) makes a representation with knowledge of its falsity; or (b) conceals a material fact with the purpose of depriving the plaintiff of property or legal rights or otherwise causing injury." Mont. Code Ann. § 27-1-221(3). A plaintiff alleging actual fraud for an award of punitive damages "must allege with particularity the content of the false representation or the identification of the material facts concealed." *Rice v. Allstate Ins. Co.*, 2012 WL 1831114, *4 (D. Mont. May 18, 2012) (quoting *Jimenez v. Liberty Northwest Ins. Corp.*, 2007 WL 1378407, *9 (D. Mont. May 7, 2007)).

      The Court need not find that McKean established these statutory elements by clear and convincing evidence; that is the duty of the trier of fact. *Wolfe v. BNSF Railway Company,* 2017 WL 710405, *3 (D. Mont. Feb. 22, 2017). The Court instead must determine if McKean has presented evidence of actual malice or fraud which a reasonable jury could find sufficiently clear and convincing to establish liability. For the following reasons, the Court finds there is sufficient factual evidence in the record which justifies submitting the issue of USAA's alleged malice and fraud to the jury.

McKean has identified evidence that USAA acted with actual malice and actual fraud. McKean offers evidence that her MedPay claims were automatically delayed, reduced, and/or denied by USAA's Medical Bill Audit ("MBA") system operated by Auto Injury Solutions, without an investigation by a USAA claims adjuster. (Doc. 199 at ¶¶ 4, 39-43, 46-49, 51-58.) Additionally, McKean provides evidence that once USAA paid her MedPay claims, each claim was automatically reduced by the MBA system without any confirmation, investigation, or inquiry by USAA's claims adjusters. (Doc. 199 at ¶¶ 59-60, 68-71.) McKean also alleges that the MBA system denied her claims based upon "physician opinion letters" that were the result of brief and inadequate medical review by AIS's independent contractor physicians. (Doc. 199 at ¶¶ 15, 58) (indicating physician reviews lasted only one to two minutes). In support of McKean's argument that USAA engaged in actual fraud, McKean alleges that USAA promised to pay a reasonable fee for medical services based on a statistically valid database, but instead unilaterally applied an 80th percentile reduction to a third-party database that is not statistically valid. (Doc. 199 at ¶¶ 18, 47-50.)

USAA arguably intentionally disregarded or acted with indifference to these problematic features of the MBA system when it processed McKean's claims. In fact, McKean points to evidence indicating USAA engaged in this allegedly unlawful conduct despite knowing its obligations under the MUTPA and knowing

5

that the MBA system violated the substantially similar Vermont UTPA. (Doc. 199 at ¶¶ 61-64.) This evidence "tend[s] to show that [USAA] had knowledge of the facts or intentionally disregarded facts that created a high probability of injury to [McKean]" and "proceeded with conscious, intentional disregard, or indifference to a high probability of injury to [McKean]." *Shelton v. State Farm Mut. Auto. Ins.*, 160 P.3d 531, ¶ 24 (Mont. 2007).

The evidence also identifies "with particularity the content of the false representation" McKean alleges. *Jimenez*, at *9. McKean argues that USAA knowingly misrepresented to her that it would pay a reasonable fee for her medical services based on a statistically valid database. A reasonable jury could conclude that USAA acted fraudulently by arbitrarily reducing reimbursements on McKean's claims based on a statistically invalid database. Additionally, because "the defendant's state of mind represents a key element in determining whether a defendant acted with actual fraud[,]" the trier of fact is in the best position to evaluate the evidence and determine whether USAA knowingly misrepresented its reasonable fee determination process to McKean. *Malcolm*, at ¶ 90.

In response, USAA argues the facts McKean set forth to establish a genuine issue for trial lack specificity and only show a factual dispute as to the reasonableness of USAA's claim handling process. (Doc. 208 at 6-13.) The Court disagrees. As discussed, McKean has identified specific facts which the jury could

find demonstrate USAA's culpability in acting with actual malice and fraud. While these facts may be relevant to a reasonableness determination, they also support McKean's claim that USAA acted with actual malice and fraud. For example, McKean alleges that USAA knew it had to process her claims in accordance with the MUTPA and requirements of her policy but implemented the MBA program regardless of these duties, knowing the program would likely injure McKean. (Doc. 118 at 20-21.)

The Court also disagrees with USAA's contention that McKean has not identified facts alleged in the operative complaint that show actual fraud. (Doc. 208 at 14.) In the Second Amended Complaint, McKean alleges that her MedPay policy requires USAA to pay a reasonable fee for all reasonable medical expenses, but USAA arbitrarily determines what a reasonable fee is based on a database that is not statistically valid. (Doc. 118 at ¶¶ 9-10.) This evidence could lead a reasonable jury to conclude USAA knowingly misrepresented its duties under the policy. Based on the evidence in the record, the Court finds there is sufficient evidence to allow the jury to determine whether McKean should be awarded punitive damages. *See Shelton*, at ¶¶ 24-26 (leaving the issue of punitive damages to the trier of fact where "[a]n issue could exist as to whether State Farm acted with malice[.]").

Viewing the evidence in the light most favorable to McKean, she has adequately designated "specific facts showing that there is a genuine issue for trial" as to USAA's alleged malice and actual fraud, thereby allowing her claim for punitive damages to proceed. *Celotex*, 477 U.S. at 324.

### III. Conclusion

Having considered the Defendants' Motion for Summary Judgment on Punitive Damages (Doc. 183), the Court determines that summary judgment is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Punitive Damages be **DENIED**.

**IT IS ORDERED**.

DATED this 2nd day of September, 2020.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge